SANFORD PATTERSON et al. v. GEORGE W. GATHINGS.

1. CHANCERY PRACTICE—PRINCIPAL AND SURETY.—The surety, on a forthcoming bond against whom a decree is rendered in the chancery court, has the same right that his principal has to prosecute the cause for revision in the supreme court.

2. SUPREME COURT—PRACTICE.—The defendant to a final decree in the chancery court may take the cause up for revision in the supreme court by appeal or by writ of error.

APPEAL from the chancery court of Monroe county. WHITFIELD, Chancellor.

Upon the filing and docketing of this cause, the appellee moved the supreme court to quash the writ of error therein, and to dismiss this cause, because said writ was sued out from a decree of the chancery court; and also, because it was sued out by said Patterson, who was not a party to the bill, and is in no way interested in the cause, except as surety on the delivery bond given upon levy of writ of sequestration, etc.

*Geo L. Potter*, for the motion.

1. It is a chancery case—writ of error from final decree. An appeal should have been taken, and not a writ of error.

The code limits appeals to one year—writs of error to three. It could not have been the intent to allow a writ of error from such decree; that is, to allow the usual remedy by an appeal, if taken in one year, and a writ of error in three years.

2. The parties to the suit do not sue out the writ, but the surety on the delivery bond, who proposes to overturn a decree of which his principals do not complain.

*G. J. Buchanan,* contra.

It is contended, in behalf of the appellee, that the appellants' right of appeal was barred; the reason assigned is, that the final decree in the lower court was rendered on the 9th day of August, 1871, and the appeal was taken on the 17th day of September, 1872, when twelve months from the date of the decree had expired.

By reference to art. 17, ch. 57, and art. 103, ch. 62, of the Rev. Code of 1857, it will be seen that the right of appeal in such cases was extended to " any one or more of the parties, complainant or defendant, for the period of three years."

The 1249th section of the Rev. Code of 1871 did not operate as a bar in this case.

The Code of 1871 took effect from and after the 1st of October, 1871; but the appeal was prosecuted the 17th day of September, 1872, less than twelve months from the period when the Code of 1871 became operative. And from sec. 13, Rev. Code of 1871, it will at once be observed that it was not the intention of the legislature that any provision therein contained should have a retrospective effect upon such a right as is here involved. So far from that, it provides that the remedy for the enforcement of such a right should " be conformed, as far as practicable, to the provisions " thereof after the Code had become operative.

The construction which we place upon these statutes, we think is fully sustained by the opinion rendered in the case of Briscoe et al. v. Anketell, 28 Miss. 361.

But we further insist, that by a proper interpretation of the language used in sections 1249 and 2161 of the Rev. Code of 1871, the right of appeal continued for the period of three years from the date of any decree or judgment.

In reference to the further objection urged, that the appeal was only taken by Patterson, who was a surety, it is scarcely necessary to say that Patterson became, by the decree, a party in all respects, as the execution was issued against him and the original parties defendant alike. And, in this connection, it is further suggested that Burke, one of the defendants, and L. I. Morgan, who represents the estate of Hoffman, the other defendant (as administrator), both unite with Patterson in the assignment of errors.

" All parties in interest shall not be required to join in appeals from the chancery courts; any one of them may appeal." Rev. Code of 1871, § 1258.

TARBELL, J.:

Motion to dismiss writ of error. This cause was pending in the chancery court of Monroe county. From the final decree a writ of error was prosecuted. The point is now made, that the cause should have been brought to this court by appeal instead of by writ of error. Section 411, of the Code of 1871, is almost a literal transcript of the Code of 1857, under which a party might appeal or sue out a writ of error, at his option.

It is also objected, that Patterson, who prosecutes the writ of error, was surety, whose principal is not complaining. The action was instituted to enforce a lien created under the agricultural lien law of 1867. A writ of sequestration having been issued, by which

property was seized, Patterson became surety on a forthcoming bond. The final decree passed against principal and surety. Of the right of the latter to appeal or sue out a writ of error, as a party to the the decree and a party in interest, there is no doubt. Code of 1871, § 1249; 1 Dana, 366; 2 Paige, 478; 2 Dan. Ch. Pr. 1540, ch. 31; 2 Smith Ch. Pr. 17, ch. 4; ib. 30, note *a*; 5 Cow. 720; 1 Barb. Ch. Pr. 355, book 1, ch. 12; 2 Mad. Ch. Pr. 572. 1 Dana, 366 is literally in point.

*The motion is overruled.*

