## SCHWARTZ v. McKAY.

(Division A. Dec. 12, 1938.)

[185 So. 200. No. 33447.]

(Division A.  Jan. 23, 1939.)

[185 So. 811.  No. 33447.]

Shed Hill Roberson, of Clarksdale, for appellee on motion.

John W. Crisler and J. H. O'Neal, both of Clarksdale, for appellant on motion.

428

**John W. Crisler,** and **J. H. O'Neal,** both of Clarksdale, for appellant.

**Shed Hill Roberson,** of Clarksdale, for appellee.

Argued orally by **Shed Hill Roberson,** for appellee.

**Smith, C. J.,** delivered the opinion of the Court on motion to dismiss.

The appellee obtained a judgment in the court of a justice of the peace against his tenant, the appellant, for the possession of leased premises. The appellant then carried the case to the county court by means of a writ of certiorari, for which he executed a bond with O'Neal and

Hopson as sureties thereon. The case was tried de novo in the county court and a judgment was rendered for the appellee for the possession of the property and against the appellant and the sureties on his bond for the sum of $200. The appellant then appealed to the circuit court, the sureties on his bond therefor being O'Neal and Hopson.

A motion was there made by the appellee to dismiss the appeal for the reasons:

"(1) That the appellant, Sam Schwartz, did not make application for appeal according to law.

"(2) The said bond in the penal sum of $400 with the said W. W. Hopson and M. B. O'Neal as sureties thereon is sufficient in law to perfect an appeal from the judgment of the County Court, attempted to be appealed from.

"(3) That since said money judgment for $200.00 was rendered as aforesaid against the said W. W. Hopson and M. B. O'Neal, neither they nor either of them could act as sureties on an appeal bond given in the appeal from the judgment rendered against them.

"Therefore, there are no sureties on said bond as required by law."

The appellant offered, but was not permitted, to file a new bond and the motion to dismiss the appeal was sustained, the order so doing reciting that: "the attempted appeal is hereby dismissed because Sam Schwartz did not make application for appeal as provided by Section 704 of the Code of 1930 and amendments thereto."

The appellant then brought the case to this Court. The appellee, in support of his motion to dismiss this appeal, says that no constitutional question is presented by the record, which the appellant admits to be true, and, therefore, the appeal will not lie under Section 705 of the Code of 1930. That section provides: "that there shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice

of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the Supreme Court." A writ of certiorari is one of the methods by which appellate jurisdiction is exercised. Shapleigh Hardware Company, Inc. v. Brumfield et al., 159 Miss. 175, 130 So. 98, 132 So. 93. Consequently a case carried from the court of a justice of the peace to a county court for the purpose of reviewing a judgment is an appeal within the meaning of this section.

When a case has been properly appealed from a county court to a circuit court, that court should take jurisdiction thereof and try it in the manner provided by Section 704, Code of 1930, and it is from judgments then rendered that this statute forbids appeals to the Supreme Court.

If a circuit court wrongfully dismisses an appeal to it from a county court, the appellant has not had his day in the former court which the statute contemplates. Consequently it does not bar him from appealing to this court for the correction of that error. Whether such an error was here committed is, of course, not presented by this motion.

Motion overruled.

**Smith, C. J.**, delivered the opinion of the Court.

This case was appealed from a county court to the court below. A motion there to dismiss the appeal was sustained, the order of dismissal reciting that, "the attempted appeal is hereby dismissed because Sam Schwartz did not make application for appeal as provided by Section 704, Code of 1930, and amendments thereto." That section provides that "Appeals from the county court shall be made to the circuit court on application made therefor and bond given according to law. . . .

Appeals from the county courts shall be taken and bond given within ten days from the date of the entry of the final judgment'' etc. The amendment to this statute appearing in Chapter 256, Laws of 1932, makes no change in this provision thereof. This section does not provide when and to whom an application for an appeal shall be made, or by whom the bond shall be approved, except by the words, ''according to law.''

The bond for the appeal was filed with and approved by the circuit clerk, who is also the clerk of the county court, within ten days of the rendition of the judgment in the county court, and no contention is here made that he was not the proper officer for the discharge of that duty. The record does not disclose that any application for the appeal was made, unless the tender of the bond was such. The application for an appeal is merely formal, the clerk being without the right to refuse it, provided it is accompanied by a proper bond—the only substantial requirement of the statute. The statute does not require the application to be in writing but may be made verbally, and in the absence of record evidence to the contrary, we must presume that the bond was tendered with a request that it be approved for the purpose of an appeal. The tender of the bond was in fact such a request. Such is the provision of Section 26, Code of 1930, in appeals from the circuit court to the Supreme Court the spirit, if not the letter, of which should control here under Section 696, Code of 1930. Eustis v. Holmes, 48 Miss. 34, invoked by the appellee has no application here, for the statute there required a written petition for an appeal and Section 26, Code of 1930, had not then been enacted.

This appeal should not have been dismissed.

Reversed and remanded.