PHILLIPS *v.* T. H. MASTIN & COMPANY
(CONSOLIDATED UNDERWRITERS), et al.

No. 39444          February 7, 1955          77 So. 2d 677

*Richard B. Booth,* Aberdeen, for appellant.

*Claude F. Clayton,* Tupelo; *Watkins & Eager, Shelby Rogers,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by R. L. Phillips, an alleged employer, from a judgment of the Circuit Court of Monroe County sustaining a motion of T. H. Mastin & Company (Consolidated Underwriters), for the dismissal of the appeal of R. L. Phillips from an order of the Workmen's Compensation Commission dismissing for want of jurisdiction a claim filed by Weir K. Burrows, claimant, against R. L. Phillips and Hall-Inzer Lumber Company and T. H. Mastin & Company (Consolidated Underwriters), their insurance carrier, for compensation under the Mississippi Workmen's Compensation Act.

It appears from the motion filed by T. H. Mastin & Company (Consolidated Underwriters) in the Circuit Court that Weir K. Burrows, the claimant, sustained an alleged injury on November 12, 1952, and that he filed a claim with the Workmen's Compensation Commission against the two alleged employers, R. L. Phillips and Hall-Inzer Lumber Company and T. H. Mastin & Company (Consolidated Underwriters), the insurance carrier, for disability compensation under the Mississippi Workmen's Compensation Act; that a plea was filed by Consolidated Underwriters before the cause was heard by the attorney-referee asking that separate hearings be granted as against each of the two employers, and that the plea was overruled; that the cause was then heard by the attorney-referee and findings made by the attorney-referee that the relationship of employer-employee did not exist between the claimant and Hall-Inzer Lumber Company at the time of the alleged

injury; and that an order was entered by the attorney-referee dismissing the claim for want of jurisdiction. The claimant did not file a request or petition for review by the full commission, but R. L. Phillips did file a petition for review by the full commission within the twenty days allowed by the statute; and in his petition Phillips asked that the case be reheard and that a finding be entered by the commission that there was an employer-employee relationship. The commission, however, affirmed the award of the attorney-referee, and Phillips then appealed from the order of the commission to the Circuit Court.

After the filing of the notice of appeal with the commission, the commission certified and transmitted to the Circuit Court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and the award, which constituted the record made before the commission.

When the cause was docketed in the Circuit Court, T. H. Mastin & Company (Consolidated Underwriters), filed its motion to dismiss the appeal on the ground that Phillips had no appealable interest in the cause and no right to seek a reversal of a decision favorable to him.

After a hearing on the motion, the circuit judge sustained the motion to dismiss the appeal, and an order was entered dismissing the appeal with prejudice.

From that order R. L. Phillips has prosecuted this appeal.

Only one point is argued by the appellant's attorney as ground for reversal of the judgment of the lower court, and that is that the Circuit Court erred in sustaining the motion of Consolidated Underwriters to dismiss the appeal. The appellant contends that the right of appeal from the decision of the Workmen's Compensation Commission was a right expressly conferred upon him by the statute, and that the circuit court was bound by the terms of the statute to entertain the appeal.

The appellee contends on the other hand that, since the final order of the commission was in the appellant's favor and no judgment was rendered against him, the appellant had no appealable interest in the case.

Section 20 of Chapter 354, Laws of 1948, as amended by Section 10 of Chapter 412, Laws of 1950 (Sec. 6998-26, Code of 1942), provides that, "The final award of the commission shall be conclusive and binding unless either party to the controversy shall within thirty (30) days from the date of its filing in the office of the commission and notification to the parties appeal therefrom to the circuit court of the county in which the injury occurred. * * * Appeals shall be considered only upon the record as made before the commission. The circuit court shall always be deemed open for hearing of such appeals and the circuit judge may hear the same at term time or in vacation at any place in his district, and the same shall have precedence over all civil cases, except election contests. The Circuit Court shall review all questions of laws and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered."

In view of the provisions of the above mentioned statute, we think that the court erred in dismissing the appeal. The statute expressly provides that either party to the controversy shall have the right to appeal; and the statute makes it the duty of the Circuit Court, when such appeal is taken, to review all questions of law and of fact. If no prejudicial error be found the order of the commission shall be affirmed. But if prejudicial error be found, the order of the commission shall be reversed and the court shall enter such judgment or award as the commission should have entered.

■■■ ''The right of appeal from proceedings involving an award of Workmen's Compensation is statutory and is governed by the particular provisions of the act involved.'' 58 Am. Jur. p. 899, Workmen's Compensation, par. 523; Anno. 128 A. L. R. 1490, and cases cited.

■■■ The right of appeal from the final award of the Workmen's Compensation Commission under our statute is not limited to an ''aggrieved'' party or a party against whom an award or a judgment has been rendered. The right of appeal under our statute is conferred upon ''either party to the controversy.''

■■■ The record shows that Phillips was a ''party to the controversy,'' and that he had a vital interest in the subject matter of the controversy.

Whether Burrows, under the facts disclosed by the testimony of the witnesses, was an employee of Phillips or the Hall-Inzer Lumber Company, or an independent contractor, was a question of vital concern to Phillips.

The record shows that both Phillips and Hall-Inzer Lumber Company had workmen's compensation insurance coverage for their employees with the Consolidated Underwriters. If Burrows was an employee of Phillips or Hall-Inzer Lumber Company and his injuries arose out of and in the course of his employment, the compensation which might be awarded to him would be paid by the insurance carrier. If on the other hand it should be finally determined that Burrows was not an employee, but an independent contractor, the insurance carrier would not be liable for the payment of compensation benefits to him for the disability resulting from his alleged injury. Phillips might then be liable in a common law action for damages for the injury complained of without insurance protection. If Burrows was an employee, Phillips' liability under the Workmen's Compensation Act would be limited; but if Burrows was an

independent contractor, the amount of damages that he might recover against Phillips in a common law action of negligence was uncertain.

We think that Phillips had a right to appeal from the order of the commission affirming the findings of the attorney-referee and dismissing Burrows' claim; and the circuit court should have heard the appeal and should have reviewed the questions of law and of fact presented by the appeal.

It has not been necessary for us to consider at this time, and we have not considered, the question whether there was prejudicial error in the findings of the attorney-referee or in the order of the commission dismissing the claim. That question has not been presented to us on this appeal.

For the reasons stated above the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.