TREUTING, et al. *v.* GUICE, Etc.

No. 39653        June 13, 1955        80 So. 2d 829

*Albert Sidney Johnson, Jr.,* Biloxi, for appellants.

*Rushing & Guice,* Biloxi, for appellee.

KYLE, J.

This case originated in the justice of the peace court of John F. Howard, justice of the peace in District No. 1 of Harrison County. Daniel D. Guice, as agent and attorney for Mrs. W. C. Palmer, filed an affidavit with the justice of the peace on April 3, 1952, in which it was alleged that James W. Kelly was indebted to Mrs. Palmer in the sum of $250 for rent due and owing by Kelly to Mrs. Palmer for the period from February 15, 1952, to April 15, 1952, for the use of a certain lot in the City of Biloxi which was fully described in the affidavit, under the terms of a lease contract dated February 9, 1951, which provided for the payment by Kelly to Mrs. Palmer of a monthly rental of $125 per month; that three days notice in writing had been given to the tenant, as required by the statute, to terminate the tenancy; that the tenant did not have sufficient property on the leased premises from which the rent could be collected by distress; and that the tenant had wilfully refused to deliver to the affiant possession of the premises. The affidavit also alleged that Russell Thomas, John Treuting and John Wesley had or claimed some right, title or interest in the lease; and the affiant asked that process be issued for them, commanding each of them to appear

and show cause why possession of the property should not be delivered to the affiant, in the manner provided by law. Summons was issued and served upon Kelly and Treuting, Wesley and Thomas, returnable April 8, 1952.

The cause was heard on April 11, 1952, upon the affidavit filed by the landlord, and process served upon Kelly, Treuting, Wesley and Thomas. The court found that Kelly was in possession of the premises and that the interest of the other defendants was that of partners with Kelly. Kelly admitted in open court that he was indebted to Mrs. Palmer in the sum of $250. The court found that the plaintiff was entitled to the possession of the premises. And the court entered an order directing that the premises be surrendered to Mrs. Palmer within five days, and that in default thereof a writ of possession be issued; and the court awarded judgment against Kelly for the sum of $250.

Kelly and Treuting executed an appeal bond in the sum of $500 and appealed the case to the county court. The bond was signed by Kelly and Treuting as principals, and by Elmer C. Dunnavant and James E. Caughey as sureties. The condition of the bond was that "if the said James W. Kelly and John N. Treuting shall prosecute said appeal, with effect, and shall satisfy the judgment complained of, and also such final judgment as may be made in the cause, and all costs, if the same be affirmed, then this obligation to be void; otherwise to remain in full force and effect." After the record was filed in the county court, Kelly appears to have taken no part in the prosecution of the appeal. Treuting, however, filed an amended motion to quash the writ and a plea to the jurisdiction of the court, which were overruled. Treuting then filed a counter affidavit, in which he controverted the allegations of the plaintiff's original affidavit, and the cause was heard in the county court on July 23, 1952. At the conclusion of the hearing the court rendered a judgment in favor of the plaintiff for recovery of possession of the leased premises and also

a money judgment against the defendant Kelly for the sum of $625 as rent thereon, and all costs. The court also entered a judgment against Treuting, defendant, and Dunnavant and Caughey, sureties on the defendants' appeal bond, for the sum of $500. Treuting filed a motion for a new trial, which was overruled; and Treuting and his bondsmen then appealed the case to the circuit court. The new appeal bond in the sum of $500 was signed by Treuting, Dunnavant and Caughey, as principals, and by J. E. Johnson and E. S. Robinson, as sureties.

The appellants filed their assignment of errors in the circuit court on August 13, 1953; and in their assignment of errors the appellants alleged that the county court erred in overruling the appellant Treuting's motion to quash the writ, and in overruling his plea to the jurisdiction of the court; and that the court erred in admitting certain evidence to which objection was made during the trial; and that the judgment of the court was contrary to the law and the evidence.

A special judge was appointed to hear the appeal, and at the April 1954 term of the court the cause was heard on the appeal from the judgment of the county court, and a judgment was entered affirming the judgment of the county court. The special judge filed a written opinion in which he stated that his reason for affirming the judgment of the county court was that it appeared from the record that Treuting had no interest and claimed no interest in the lease, and while it was doubtful that there were any errors that would warrant a reversal of the judgment if the tenant himself had appealed, it was not necessary for the court to pass upon that point, for the reason that it did no appear that Treuting was entitled to complain of the errors which Kelly himself might have complained of had he appealed.

When the opinion of the court was announced, counsel for the appellants objected to the ruling of the court on the ground that the effect of the ruling was to deprive

the appellants of their property without due process of law; and the appellants then asked that an appeal be allowed to the Supreme Court because of the constitutional question involved. The circuit judge granted the appeal.

The appellants have assigned several errors as grounds for reversal of the judgment of the circuit court. But, in view of the conclusion that we have reached that the judgment must be reversed and the cause remanded to the circuit court for a hearing on the merits of the appeal, we shall not undertake to discuss any of the errors assigned other than the error committed by the court in holding that the appellants had no appealable interest in the judgment complained of.

Section 1147, Code of 1942, provides that an appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, not being a judgment by confession, or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties. Section 1156, Code of 1942, provides that any one or more of the parties to a judgment or decree may appeal therefrom.

Section 1616, Code of 1942, provides that appeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court, on application made therefor and bond given according to law, except as thereinafter provided. Appeals are to be considered solely upon the record as made in the county court. If no prejudicial error be found the matter shall be affirmed and judgment or decree entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the Supreme Court. If prejudicial error be found the court shall reverse and shall enter judgment or decree in the manner and against like parties and with like penalties as is provided in reversals in the Supreme Court. If a new trial is granted the cause shall be remanded to the docket of such circuit or chancery court and a new trial be had therein de novo. Judgments or decrees of affirm-

ance of the circuit court may then be appealed to the Supreme Court. Section 1617, Code of 1942, provides, however, that there shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court, unless in the determination of the case a constitutional question be necessarily involved, and then only upon the allowance of the appeal by the circuit judge or by a judge of the Supreme Court.

In the case of Patterson v. Gathings, 48 Miss. 639, the Court held that a surety on a forthcoming bond against whom a decree had been rendered in the chancery court had a right to appeal, or sue out a writ of error, as a party to the decree and a party in interest. And in the case of Jayne v. W. B. Nash Lumber Co., 108 Miss. 449, 66 So. 813, the Court held that where a judgment is rendered against the principal and his sureties on a bond, the sureties become parties to the judgment, and on appeal therefrom they cannot again act as sureties on the appeal bond. In an extended note on the subject, ''Who is Entitled to Appeal as a Party Interested or Injured,'' in 119 Am. St. Rep. pp. 740, 752, et seq., Judge Freeman says: ''The decided weight of authority sustains the right of a surety on an official bond to appeal from a judgment against his principal, upon the theory that as the surety, in the absence of fraud or collusion, is bound by a judgment against his principal, he is a party aggrieved.'' See also 2 Am. Jur., 959, Appeal and Error, par. 181.

■■ ■ The judgment of the county court from which the appellants in this case prosecuted their appeal was not only a judgment against the defendant Kelly and the other defendants for the possession of the premises, but it was also a money judgment for the sum of $500 against the appellant Treuting, who was designated as a defendant in the judgment, and Dunnavant and Caughey, sureties on the defendant's appeal bond, for the sum of $500, and a judgment against Kelly for the sum of $625. It

is clear that the appellants had an appealable interest in the judgment rendered against them by the county court; and they were entitled to have their appeal considered by the circuit court upon its merits. Schwartz v. McKay, 184 Miss. 422, 185 So. 200; Phillips v. T. H. Mastin & Co. (Consolidated Underwriters) et al., (Miss.), 77 So. 2d 677.

The holding of the circuit court that the appellant Treuting had no appealable interest in the case, if permitted to stand, would have the effect of denying the appellants' right to have the judgment of the county court reviewed on its merits. The appellants have a right to such review under Section 1616, Code of 1942; and we think that the circuit court was in error in holding that the appellant Treuting had no appealable interest in the law suit. The judgment of the circuit court is therefore reversed and the cause is remanded so that the appeal may be considered by the circuit court on its merits.

Reversed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.