# Fowler Butane Gas Company, Inc. *v.* Parish

No. 43733          December 17, 1965          181 So. 2d 157

May 3, 1965                                    175 So. 2d 129

586

*Harris Sullivan, Sullivan, Sullivan & Walker,* Hatties-burg, for appellant.

*Lampkin H. Butts, A. S. Scott, Jr.,* Laurel, for appellee.

GILLESPIE, J.

The case originated in the county court where a judgment was entered in favor of James Howard Parish, plaintiff in the county court and appellee here, against Fowler Butane Gas Company, defendant in the county court and appellant here. Appellant perfected an appeal from the county court to the circuit court by filing a supersedeas bond and giving notice to the official court reporter. In its notice to the official court reporter of the county court, appellant designated all of the testimony of the witnesses and all exhibits, rulings of the court, and motions, being all of the notes taken by the official court reporter at the trial. It did not designate as a portion of the record on appeal the pleadings, verdict, or judgment, and the clerk did not include these documents in the record sent up to the circuit court.

The circuit court denied the petition for a writ of certiorari and sustained a motion to docket and dismiss the appeal. From the order of the circuit judge denying the writ and dismissing the appeal, appellant perfected an appeal to this Court with supersedeas.

This Court granted a petition for a writ of certiorari and ordered the writ issued and passed appellee's motion

to docket and dismiss until the case was docketed for hearing on the merits by this Court. See Fowler Butane Gas Company v. Parish, 254 Miss. 588, 175 So. 2d 129 (1965), for a history of the case.

The clerk of the county court has complied with the writ of certiorari and has completed the record by sending up the pleadings, verdict, and judgment of the county court. The record is now complete.

Appellant assigns as error the action of the circuit court in dismissing the petition for writ of certiorari filed before that court and in sustaining the motion to docket and dismiss the appeal. The former opinion of this Court on the petition for writ of certiorari filed in this Court has disposed of the issues raised by the two assignments of error of appellant. The record is now complete and there is no basis upon which this Court could sustain the motion to dismiss the appeal.

Appellee contends that the Court should affirm because no error has been assigned concerning the merits.

In Schwartz v. McKay, 184 Miss. 422, 185 So. 200 (1938), 184 Miss. 422, 185 So. 811 (1939), this Court held that if a circuit court wrongfully dismisses an appeal to it from the county court the appellant has not had his day in the circuit court which the statute contemplates. The Supreme Court permitted an appeal for the purpose of correcting the circuit court's error in dismissing the appeal although the case would not otherwise have been appealable to this Court because the case had originated in the justice of the peace court. In the Schwartz case, supra, the Court reversed the action of the circuit court in dismissing the appeal and remanded the case to the circuit court.

We hold that when the circuit court erroneously dismisses an appeal from the county court and it is necessary for the appellant to appeal to this Court to correct the circuit court's error in dismissing the appeal, the case should not be heard here on the merits

but should be remanded to the circuit court for a hearing as contemplated by Mississippi Code Annotated section 1616 (1956).

■■ ■ Under the posture of this case, this Court is not concerned with the merits of the appeal but only with whether the circuit court was in error in denying the writ of certiorari and in dismissing the appeal. We hold that the circuit court was in error and its action in so doing is reversed and the case is remanded for hearing of the appeal on the merits as contemplated by the statute.

The motion filed in this Court to dismiss the appeal is overruled; the case is reversed and remanded.

Motion to dismiss overruled; reversed and remanded.

*Ethridge, P. J., and Rodgers, Brady and Smith, JJ.,* concur.

ETHRIDGE, J.

Appellant, Fowler Butane Gas Company, Inc., has filed a suggestion of diminution of record and asked for a writ of certiorari to complete the record. Appellee Parish obtained a judgment in the County Court of the Second Judicial District of Jones County. Thereafter Fowler gave notice to the court reporter to transcribe her notes of the testimony, for an appeal to the circuit court, but it did not designate any of the pleadings, the verdict or judgment. Hence it did not comply with the provisions of Mississippi Code Annotated section 1640 (Supp. 1962), requiring appellant to designate "the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal." Miss. Laws 1964, ch. 325.

The only matter in the record on appeal to the circuit court was the transcript of testimony. On November 16, 1964 that court denied Fowler's petition for a writ of certiorari and dismissed its appeal, since it had not complied with Code section 1640 in completing the record.

Parish's motion to docket and dismiss the appeal has been passed for consideration on the merits. The only matter now before us is Fowler's petition for writ of certiorari, which would direct the clerks of the circuit court and of the county court to send to this Court all pleadings, jury instructions, the verdict and judgment, and any and all other papers and documents in the record of this case. ■■■ We have concluded that the writ should issue.

In Miller Transporters, Ltd. v. Johnson, 252 Miss. 244, 172 So. 2d 542, 546 (1965), it was held that the verdict and judgment are essential parts of the record on appeal, "which in every case the clerk should send to this Court, whether or not designated by the parties." The remainder of the papers in the record should also be sent to this Court on the writ, under the unusual circumstances rule of *Miller Transporters*. It was said there that the purpose of rules of procedure is efficiency and fairness in the administration of justice; and that because of the newness in this state of this statutory method of forming an appeal record, and pursuant to the constitutional appellate powers of this Court, appellant was entitled to have the stated portions of the record sent here on certiorari. Miller Transporters, Ltd. v. Johnson, 252 Miss. 244, 172 So. 2d 542 (1965). Accordingly, the petition for writ of certiorari, with suggestion of diminution of record, is sustained.

Petition for writ of certiorari sustained.

All Justices concur.