GILLESPIE, Chief Justice:
This is an appeal by the Mississippi Insurance Underwriting Association (Association) from a final decree of the Chancery Court of Jackson County dismissing *406 Association’s appeal from an order of the Mississippi Insurance Commission (Insurance Commission), on the ground that the Association is not a “person aggrieved” by the order of the Commission, and, therefore, had no right to prosecute an appeal to the chancery court. The Association was created by Mississippi Code 1942 Annotated sections 5834-101 to 119 for the purpose of providing property insurance to persons on the Gulf Coast and schools throughout the state. The Association is made up of all insurers writing property insurance in the State of Mississippi on a direct basis and membership of such insurers is mandatory.
Standard Products, Inc. (Standard) of Moss Point, Jackson County, Mississippi, applied to the Association for insurance coverage and was refused on the ground that Standard was “a manufacturing risk” which is specifically excluded from coverage by the provisions of the act. Standard’s representative then appealed this ruling to the Insurance Commission pursuant to section 5834-111. A recorded hearing was held and the Insurance Commission ordered the Association to cause insurance to be issued to Standard. From this ruling the Association attempted to appeal to the Chancery Court of Jackson County where the appeal was dismissed.
The act provides that members of the Association shall participate in its writings, expenses, profits and losses in the proportion that the net direct premiums of such member written in this state during the preceding calendar year bears to the aggregate net direct premiums written in this state by all members of the Association. The directors of the Association are required by the act to submit a plan of operations to the Insurance Commission for review and approval.
Section 5834-111 provides for appeals from the Association to the Insurance Commission and from the orders of the Insurance Commission, and is as follows:
Any person insured pursuant to this act, or his representative, or any affected insurer, who may be aggrieved by an act, ruling or decision of the association, may, within thirty (30) days after such ruling appeal to the commission. Any hearings held by the commission pursuant to such an appeal shall be in accordance with the procedure set forth in the insurance laws of Mississippi. Provided, however, the commission is authorized to appoint a member of their staff for the purpose of hearing such appeals and a ruling based upon such hearing shall have the same effect as if heard by the commission. All persons or insureds aggrieved by any order or decision of the commission may appeal as is provided by the provisions of the insurance laws of the State of Mississippi.
The question is whether the Association is a person aggrieved by the order of the Insurance Commission and therefore has the right to appeal from the Insurance Commission’s order directing the Association to issue insurance to Standard.
In one sense the Association is an arm or facility of the Insurance Commission, but in other respects it is an entity created by statute with duties prescribed by law. Actually, it is a representative of the insurance industry responsible for providing insurance to all qualified applicants and a corresponding right and duty to deny coverage to applicants that do not qualify under the statute. The order of the Insurance Commission from which the Association sought to appeal provided in part as follows:
IT IS, THEREFORE, ORDERED AND DIRECTED that the Mississippi Insurance Underwriting Association, Appellant, immediately provide insurance coverage for the Standard Products, Inc., Appellee, in accordance with the applications filed on behalf of said ap-pellee by Millette and Associates, Inc., said applications being exhibited in the hearing of this cause.
The legislature did not limit the right to appeal to insureds and insurers aggrieved by a decision of the Commission. The act *407 provides that “all persons” or insureds may appeal.
If the Association is not a party to an appeal from an' order of the Insurance Commission, the question arises, who would be the appellees if the Insurance Commission had upheld the decision of the Association and Standard had appealed to the Chancery Court of Jackson County. There would be no insurer because no policy would have been issued, but every property insurer doing business in the state would have a financial interest in upholding the order of the Insurance Commission. It would therefore appear that all property insurers doing business in the state should be named as appellees. Certainly the legislature did not intend any such result. The legislature clearly intended that the decisions of the Insurance Commission concerning matters originating with the Association were subject to judicial review. The logical “person” to appeal this case is the Association who was ordered specifically by name to “provide insurance coverage” to Standard. Absent a clear statutory identification of “persons aggrieved” by the Insurance Commission’s order, we hold that the Association may prosecute the appeal.
We have considered the cases cited by both parties from other jurisdictions which are not uniform and which are not particularly helpful. We have also considered Mississippi Real Estate Commission v. Ryan, 241 So.2d 667 (Miss.1970), which is somewhat close, but not in point. We reach our decision on the basis of the statute itself and what we regard as a practical interpretation of the legislative intent.
The judgment of the chancery court is reversed and the case is remanded to the Chancery Court of Jackson County for hearing of the appeal on the merits. Fowler Butane Gas Co. v. Parish, 254 Miss. 585, 181 So.2d 157 (1965).
Reversed and remanded.
JONES, SMITH, SUGG and BROOM, JJ., concur.