LOTTINGER, Judge.
This appeal presents a novel, though hardly difficult, question of law: Can a foreign insurance company, by changing its domicile under provisions of Louisiana’s general corporation law, become a domestic insurer in this state even though the company fails to meet some of the requirements for incorporation imposed on domestic insurers by the state’s Insurance Code?
Louisiana Insurance Commissioner Sherman Bernard, the defendant in this suit, issued an amended certificate of authority to the Roger Williams Insurance Company, changing its status in Louisiana from a foreign to a domestic insurer. Formerly a Rhode Island corporation, Roger Williams *1035 had amended its articles of incorporation to effect a change of domicile from Rhode Island to Louisiana, a procedure which is available to corporations generally under the Louisiana Business Corporation Law. La.R.S. 12:164. Based on the insurance company’s compliance with the change-of-domicile provision of La.R.S. 12:164, Commissioner Bernard certified the company as a domestic insurer, more particularly as a fidelity and surety company authorized to write bail bonds.
Ossie Brown, East Baton Rouge Parish District Attorney and the plaintiff in this matter, challenged the Commissioner’s ruling. Brown claimed that the Roger Williams Company was unqualified to be a domestic insurer because the company did not comply with some of the requirements of the Insurance Code. (Brown claimed a majority of the company’s incorporators are not residents of Louisiana, as required by La.R.S. 22:31; and that some of the requirements of La.R.S. 22-35 relative to the application for a certificate of authority were not met.)
Brown filed suit to have the company’s certificate recalled after an administrative hearing officer upheld the Commissioner’s decision to issue the certificate. This appeal is from a judgment of the trial court upholding Brown’s contention and rejecting the company’s certificate. Although Bernard, as defendant, and the company, as intervenor, took appeals, Bernard moved to dismiss his appeal and the dismissal was granted. The dismissal, however, proved to be improvident because it did not comply with Rule VII, Section 3 of the Uniform Rules of the Courts of Appeal. All parties are therefore before this court and the case is ripe for decision.
The crux of Roger Williams’ contention on appeal is that the change-of-domicile provisions of Louisiana’s corporation laws are available to foreign insurers who want to become domestic insurers. Since the state’s insurance laws are silent on change of domicile, the Williams Company asserts that it should be allowed to use the general corporate law provision to change its domicile and, concomitantly, to transform itself from a foreign to a domestic insurer. If the Williams’ position were upheld, any foreign insurer unable or unwilling to meet the minimum requirements of Louisiana’s domestic insurer laws would be able to circumvent those requirements by the relatively simple expedient of changing its domicile.
This we cannot allow, and for a very important reason. Insurance is a business affected with a public interest. La.R.S. 22:2. And, we dare say, no other business with so pervasive a national ambit has escaped the tentacles of federal regulation as much as the insurance industry has. Instead, insurance has been left to the states to regulate. And the states, in the interest of their citizens, have enacted oftentimes stringent requirements for insurance companies to incorporate within their boundaries and to transact business with their residents. Louisiana is no exception.
Among Louisiana’s laws relating to insurers are requirements companies must meet before they can be certified as domestic insurers. These requirements must be met before a new insurance company is allowed to make this state its home base. We cannot believe that the legislature would require more of persons who seek to incorporate as domestic insurers than it would require of a foreign insurer seeking to change its domicile to this state.
We agree with the Williams’ argument that Title 12, the Business Corporation Law, may be applicable to some insurance corporations in some instances when Title 22, the Insurance Code, is silent. This is so even though La.R.S. 12:22 indicates that insurance underwriting is to be governed by special laws. In the absence of a special law the general corporation laws may apply to insurance corporations in those obvious situations affecting corporations in general. In some cases Titles 12 and 22 may both contain provisions appearing to affect a particular situation without necessarily being in conflict. In these situations, the provisions should be read and interpreted together so that neither is rendered nugatory by application of the other.
*1036 We disagree, however, with the Williams’ contention that Title 22 is silent on the proposition in question. Far from being silent, Title 22 sets forth with particularity the requirements a company must meet before it can become a domestic insurer.
In the context of this case, Titles 12 and 22, read in pari materia, would allow a foreign insurer to amend its out-of-state charter and become a domestic insurer if it met the particular requirements of Louisiana’s domestic insurer laws. Absent compliance with the Title 22 requirements, however, a foreign insurer cannot be certificated as a domestic insurer. Commissioner Bernard erred when he issued the amended certificate of authority to Roger Williams Insurance Company, because the company did not show that the requirements of Title 22 had been met.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.