GEORGE W. POLK *v.* TOWN OF SEMINARY.

[42 South. Rep., 129.]

CRIMINAL LAW AND PROCEDURE. *Municipal court. Appeal to circuit court. Lost bond. Motion to dismiss.*

A motion to dismiss an appeal to the circuit court from a municipal court in a criminal case for want of an appeal bond cannot be resisted by a mere offer to show *aliunde* the record that an appeal bond had been duly executed, without disclosing its penalty or who were sureties upon it, or offering to execute a new bond.

FROM the circuit court of Covington county.

HON. ROBERT L. BULLARD, Judge.

Polk, the appellant, was convicted in the mayor's court of the town of Seminary of violating an ordinance of the town,

and appealed to the circuit court. The town of Seminary moved the circuit court to dismiss the appeal because the record failed to show that appellant had executed an appeal bond. Appellant offered to show by parol that an appeal bond, properly executed, had been filed; he did not, however, tender a new bond, nor disclose the names of the sureties on the alleged original bond, or the penalty thereof. The court refused to admit the proffered evidence. Appellant then suggested a diminution of the record and moved for a *certiorari* to compel the mayor to send up the original appeal bond. The court overruled this motion, dismissed the appeal, and granted a writ of *procedendo* to the mayor's court. From the judgment so ordering Polk appealed to the supreme court.

*R. L.* and *E. L. Dent,* for appellant.

The circuit court erred in refusing to allow appellant to prove by oral testimony that the appeal bond was given and approved. Appellant was not responsible for the safe-keeping of the bond after its execution and approval. Hence he should not be prejudiced by its not being shown in the record. He should have had the right to prove its existence and have it sent up from the mayor's court, or, if lost, substitute a new bond in its place.

That the papers were sent up to the circuit court from the lower court is proof that an appeal bond was originally executed. For certainly the mayor would not have sent up the papers if the appeal had not been perfected.

If the appeal bond had been of record, but defective, appellant would have been entitled to amend the same. *Smith* v. *Boykin,* 61 Miss., 110.; *Leavenworth* v. *Crittenden,* 62 Miss., 573; *James* v. *Woods,* 65 Miss., 528; *Gaddis* v. *Palmer,* 60 Miss., 758; *Denton* v. *Denton,* 77 Miss., 375; Code 1892, § 91. The law should be the same where the bond is lost or destroyed.

Code 1892, § 91, is remedial, and those of the authorities above cited which were decided after the code of 1892 went into

effect, show that in civil cases the code section should be liberally construed. In greater degree should the rule of liberality apply in criminal cases, where the liberty of the person is affected.

The appellant had a right to be heard relative to his execution of the appeal bond, and to perfect his appeal at the time it was dismissed. Code 1892, § 86; *ex parte Grubbs,* 80 Miss., 288.

*H. P. Hosey,* for appellee.

An appeal is not perfected until an appeal bond has been given and approved. Code 1892, § 60.

The motion to dismiss appellant's appeal from the mayor's court was made in the circuit court on July 2d, but by agreement of counsel, the court concurring, the appellant was given until July 5th in which to perfect his bond. When such time had expired an appeal bond had not been filed by appellant, nor was affidavit, showing the contents of the alleged missing bond, made by appellant. As a result the motion was properly sustained.

*R. V. Fletcher,* assistant attorney-general, on the same side.

As there was no appeal bond in the record, the appeal from the mayor's court was ineffective, for bond is indispensable to an appeal.

Technically the filing by appellant of a motion for *certiorari* was a departure from good pleading. The functions of a writ of *certiorari* are to review alleged errors of law apparent upon the face of the record. *Redus* v. *Gamble,* 85 Miss., 165.

Treating the application for *certiorari* as if it were for an order commanding a justice of the peace to send up the bond, the application is defective, because there is no showing as to the date or the amount of the bond, or names of sureties; nor is there tender or offer to substitute another in place of the alleged missing bond. Had the motion of appellant been sus-

tained and the writ granted, and subsequently it had developed that no bond had been given, appellant would have been at large without bond for his appearance for trial in the circuit court.

Mayes, J., delivered the opinion of the court.

Polk was convicted in the mayor's court on the 30th day of December, 1905, of an assault and battery, in violation of a municipal ordinance, and fined $25 and costs, and claims to have appealed from the judgment to the circuit court. In compliance with sec. 88 of the code of 1892, the mayor transmitted to the clerk of the circuit court what purported to be a certified copy of the record in the case, containing some, but not all, of the original papers. It appears that no appeal bond was sent up with the papers, nor does the record show that any bond was given. The case was regularly docketed by the circuit clerk and was called for trial by the circuit judge at a regular term of the circuit court, whereupon the attorney for the town made a motion to dismiss the appeal and for a writ of *procedendo,* assigning, as the reason, that defendant had filed no appeal bond. In answer to this motion the defendant offered to produce evidence that he had duly made and filed an appeal bond, and that it was properly and duly approved. The court declined to admit this evidence. The defendant then made a second motion suggesting a diminution of the record in the case, and asking for a writ of *certiorari* to send up the appeal bond. This second motion was overruled by the court, and judgment was rendered dismissing the appeal, and granting the writ of *procedendo* to the court below.

It will be observed that in the motion made by defendant to be allowed to introduce oral proof that he had executed the appeal bond, he does not tender a substantial copy of the bond or disclose who the names of his sureties are, or the amount of the bond. or in any other way describe it, but merely asks that

he ,be allowed to produce proof that he had made the appeal bond. It will also be observed that nowhere in the record, as sent up by the mayor, does it show that any appeal bond was ever granted and approved by him, and there is no appeal bond in the record. Until the bond has been executed as provided in Code 1892, § 86, there can be no appeal to the circuit court; and, if it be true, as alleged, that an appeal bond was executed, it was necessary for the defendant to accompany his application to be allowed to prove that the bond was executed with a tender of a new bond and by affidavit disclosing the name of his sureties, and the amount of the bond, or, in other words, a substantial copy of the original bond, before parol proof could be received of the fact that one was executed. The bond was the thing which authorized the appeal, and it was necessary for the defendant to inform the court in his motion who his bondsmen were, and the amount of the bond, before proof could be admissible as to the execution of the bond, to the end that the court might have some recourse in case the judgment was affirmed or the defendant failed to prosecute his appeal.

· *Let the case be affirmed.*