656 So.2d 92 (1995)
Timothy SANCHEZ
v.
CITY OF PICAYUNE.
No. 92-KA-00126-SCT.
Supreme Court of Mississippi.
May 11, 1995.
Rehearing Denied June 22, 1995.
*93 Aaron L. Russell, Jr., Picayune, for appellant.
Byron Stockstill, Williams Smith & Stockstill, Picayune, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
Here we consider whether a defendant's appeal was properly filed before the circuit court so as to give that court jurisdiction to decide an ineffective assistance of counsel claim. We find the appeal to be properly perfected, and remand the case to the trial court for an evidentiary hearing on the ineffective assistance claim.

I.
Timothy Sanchez (Sanchez) was convicted of DUI (2nd  Refused Test), driving with a suspended license, spilled load, reckless driving, and possession of 3.2 grams of marijuana in a motor vehicle by a plea of nolo contendere on August 21, 1991, in the Picayune Municipal Court. Sanchez was sentenced to serve 200 days in jail, with 198 days suspended on condition that he not violate any city or state laws for a period of twelve months from the date of his conviction and that he pay fines and costs totaling $2,230.00.
Sanchez filed a notice of appeal to the Pearl River Circuit Court on September 27, 1991, and filed an appeal bond with the court on October 3, 1991. The circuit court was in session from October 7, 1991 to October 18, 1991, but no action regarding this case was taken. Sanchez's attorney was present in court during the docket call on January 13, 1992, and he informed the court that he had not had any contact with Sanchez. After calling his name three times, Sanchez's appeal was dismissed for his failure to appear and the case was remanded back to the Municipal Court on a writ of procedendo.
*94 Aggrieved, Sanchez filed an appeal with this Court on February 12, 1992, contending that trial counsel was ineffective. His trial attorney, Terry Haimes, has since been disbarred for matters unconnected with this case. Substitute counsel was appointed on July 31, 1992.

II.
The City contends that Sanchez did not file a timely appeal bond within 40 days from the date of his conviction as prescribed by law. The City contends that because Sanchez filed his appeal bond 42 days after his conviction and not within the 40 day time limit, his appeal was not properly perfected. The City presumptively argues this point for the proposition that the circuit court lacked jurisdiction over the appeal because of Sanchez's alleged failure to timely file. As authority for this contention, the City cites Rule 7.03 of the Uniform Criminal Rules of Circuit Court Practice; Miss. Code Ann. § 99-35-1 (1972); Polk v. Town of Seminary, 89 Miss. 293, 42 So. 129 (1906); Dixon v. State, 528 So.2d 832 (Miss. 1988); and Johnson v. Evans, 517 So.2d 570, 571 (Miss. 1987).
In the present case, Sanchez was convicted on August 21, 1991 and filed his appeal bond on October 3, 1991. If he had 40 days from the date of his conviction to file an appeal bond, his deadline would have been September 30, 1991. Thus, his filing would have been three days late instead of two days late as the City asserts.
In order to perfect an appeal, a defendant must file a written notice of appeal within 40 days of conviction and post an appeal bond for court costs. Miss. Code Ann. § 99-35-1; Rule 7.03 of Uniform Criminal Rules of Circuit Court Practice. Neither Section 99-35-1 nor Rule 7.03 require that defendants file an appeal bond within 40 days of their conviction for an appeal from a municipal court to a circuit court. Section 99-35-1 and Rule 7.03 only state that the defendant shall post a bond, however, neither specify a time frame in which to do so. Furthermore, to the contrary of the City's assertion, neither Polk, Dixon, nor Johnson specify such a deadline. Because of the absence of a deadline under the statute and court rules, Sanchez's filing of an appeal bond 43 days after his conviction was not untimely.
Moreover, in Schwartz v. McKay, 184 Miss. 422, 185 So. 811 (1939), we interpreted the requirements of Mississippi Code Annotated Section 11-51-79, which provided that "[a]ppeals from the county court shall be made to the circuit court on application made therefor and bond given according to law." Because the section did not provide who shall approve the bond, this Court held that "the spirit, if not the letter, of [the bond provision for appeals from the circuit court to the Supreme Court] should control." Schwartz, 185 So. at 811.
Because neither the statute nor the court rules in the present case provide a deadline for the filing of appeal bonds so as to determine if Sanchez's appeal should have been dismissed by the circuit court, the rules for the filing of appeals in the Supreme Court shall control the issue as reasoned in Schwartz. Rule 3 of the Mississippi Supreme Court Rules provides:
In all cases, both civil and criminal, in which an appeal is permitted by law as of right to this Court, there shall be one procedure for perfecting such appeal. That procedure is prescribed in these rules. All statutes, other sets of rules, decisions or orders in conflict with these rules shall be of no further force or effect. An appeal permitted by law as of right from a trial court to this Court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as this Court deems appropriate, which may include dismissal of the appeal... .
Since the Supreme Court Rules only require a notice of appeal and not an appeal bond in order to perfect an appeal, we find that the circuit court properly exercised jurisdiction over Sanchez's appeal. Consequently, we properly have jurisdiction over *95 Sanchez's ineffective assistance of counsel claim.

III.
Citing Leatherwood v. State, 473 So.2d 964 (Miss. 1985), Sanchez recognizes that he must prove that counsel's performance was deficient, and that the deficient performance prejudiced his defense. Although he was not present during docket call before the circuit court on January 13, 1992, Sanchez asserts that he received ineffective assistance of counsel when his trial attorney mistakenly informed the court that he had not had any contact with Sanchez. Sanchez asserts that his attorney had, in fact, contacted him about appearing in court, and that he was ready, willing, and able to proceed with his case at all times. He contends that he was prejudiced because his case was dismissed as a direct result of the attorney's actions, and thus, he has been deprived of a trial by jury.
The City asserts that there is no evidence that Sanchez received ineffective assistance of counsel. The City contends that there is no evidence as to why Sanchez failed to appear in court, and alleges that Sanchez may have failed to appear in court because of an outstanding warrant issued against him  that being the reason why he was reluctant to appear in City court. Citing Moawad v. State, 531 So.2d 632, 635 (Miss. 1988), the City argues that in the absence of evidence in the record indicating impropriety, this Court must presume that the circuit court acted properly by dismissing the appeal after calling the defendant three times in open court.
As the City contends, there is nothing in the record indicating why Sanchez was not present at docket call. In addition, there is no evidence indicating why Sanchez's attorney informed the court that he had not been in contact with Sanchez if, in fact, he had such contact. Because we lack a record on which to determine this issue, a limited remand is granted for an evidentiary hearing on this claim. Fleming v. State, No. 92-KA-00394 (Miss. Nov. 10, 1994).[1]

IV.
For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., and McRAE, J., not participating.
NOTES
[1] A limited remand was denied on the issue of ineffective assistance of counsel in Vielee v. State, 653 S.2d 920 (Miss. 1995). In Vielee, the defendant was required to pursue relief under the post conviction relief statute. Because the defendant in the present case only served approximately two days of jail time, it is impossible for him to pursue post conviction relief, thus a limited remand is appropriate. Miss. Code Ann. §§ 99-39-5.