811 So.2d 243 (2000)
Troy TRULL a/k/a Troy Ghoston, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01003-COA.
Court of Appeals of Mississippi.
September 19, 2000.
*244 Raymond M. Baum, Winona, Attorney for Appellant.
Office Of The Attorney General by John R. Henry, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court challenging the judgment of the Carroll County Circuit Court of conviction of one count of sale of a controlled substance, cocaine, and sentence of twenty years in the custody of the Mississippi Department of Corrections. After an unsuccessful motion for JNOV, Trull perfected this appeal, raising three issues for the Court's consideration
I. WHETHER TRULL WAS DENIED A FAIR TRIAL BECAUSE OF IMPROPER COMMENTS FROM *245 THE PROSECUTOR IN CLOSING ARGUMENTS ALLUDING TO TRULL'S FAILURE TO TESTIFY.
II. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE VIDEOTAPE OF THE DRUG SALE BECAUSE IT WAS NOT PROPERLY AUTHENTICATED AND WAS NOT THE ORIGINAL TAPE AND THUS A VIOLATION OF THE BEST EVIDENCE RULE.
III. WHETHER THE TRIAL COURT ERRED WHEN THE TRIAL JUDGE, AND NOT THE CIRCUIT CLERK, MARKED THE JURY INSTRUCTIONS AS "GIVEN" AND "REFUSED" IN VIOLATION OF STATE STATUTE.
After reviewing the record and applicable law, we find no error. Accordingly, we affirm.

FACTS
¶ 2. On June 25, 1996, an undercover narcotics agent and a confidential informant purchased alleged crack cocaine from Trull. Trull was indicted and subsequently convicted of the crime of sale of cocaine. At trial, both the undercover agent, Al Jobe of the North Central Narcotics Task Force, and the informant, Ross Kyzer, testified that Trull was the person from whom they purchased the illegal substance. A Mississippi crime lab technician, Tiffany Reynolds, testified that the substance provided for analysis that was said to have been purchased from Trull that day was cocaine.
¶ 3. Following the jury charge and a relatively short deliberation period, the jury convicted Trull of the charge against him.

ANALYSIS AND DISCUSSION

I. WHETHER TRULL WAS DENIED A FAIR TRIAL BECAUSE OF IMPROPER COMMENTS FROM THE PROSECUTOR IN CLOSING ARGUMENTS ALLUDING TO TRULL'S FAILURE TO TESTIFY
¶ 4. Trull first argues that the prosecutor made inappropriate comments on his failure to testify or otherwise provide evidence supporting his innocence during his trial. An axiomatic principle of criminal law teaches that criminal defendants need not offer personal testimony or other evidence regarding their innocence, and prosecutors, while given broad latitude in closing arguments, cannot comment in any manner on a defendant's failure to testify or offer evidence. Shipp v. State, 749 So.2d 300(¶ 19) (Miss.Ct.App.1999) (internal citations omitted). Our standard of review employed in considering whether prosecutorial comments are inappropriate is whether the remark produced unfair prejudice to the individual on trial. Id. The trial court is allowed considerable discretion in determining whether a prosecutorial comment is unduly prejudicial, as the trial judge is obviously in the best position to gauge the effect of such comments. Id. There are two specific prosecutorial remarks complained of by Trull. First, Trull cites the prosecutor's comment on the unimpeached character of Jobe's and Kyzer's assertions that the substance Trull gave them on the day in question was the same substance submitted for testing and determined to be cocaine. Second, Trull complains about a comment by the prosecutor that no contradictions were demonstrated in some of the lab reports.
¶ 5. Trull relies on Whigham v. State, 611 So.2d 988, 995 (Miss.1992) in which the supreme court held that where the defendant is the only one who can rebut the testimony of a state witness, it is improper for the prosecutor, in closing argument, to "inform the jury that if what the State's *246 witness said was not true, the defendant would, or could have taken the stand and denied it. Because for obvious reason the prosecution cannot make such statement directly, it follows that the prosecution is equally prohibited from doing so indirectly or by implication." Id. However, the defendant may invite such comments by the prosecution by the content of his closing remarks. Id. Further, contrary to Trull's suggestion, the Whigham court did not set aside the procedural bar rule invoked against a convicted individual on appeal where a contemporaneous objection was not lodged at trial. Id. Rather, the Whigham majority found that on the facts of that case, a reversible constitutional violation occurred. Id.
¶ 6. Trull maintains that since he was the only person who could rebut Jobe's and Kyzer's testimony, then it was improper for the prosecutor to comment on the character of their testimony. The State invokes the procedural bar but arguendo notes that the comments complained of, if error at all, were harmless error. The State maintains that the comments were in response to the evidence at trial as well as Trull's counsel's closing argument.
¶ 7. Whigham is distinguishable from the case sub judice. In Whigham, the case involved the sexual molestation of a minor. On those facts, the only individual who could rebut the testimony of the victim was Whigham because the alleged acts occurred outside the presence of other people. However, in the present case, there was testimony that other individuals, apparent acquaintances of Trull, were present in the area, aside from Jobe and Kyzer, who could have rebutted Jobe's and Kyzer's testimony. Further, in Holland v. State, 705 So.2d 307 (¶ 150) (Miss.1997), the supreme court declined to extend Whigham beyond its facts. Since Whigham is distinguishable on its facts from the present case, and the supreme court has so limited Whigham's application, we find Whigham is not applicable. Therefore, Trull's failure to lodge a contemporaneous objection to the prosecutorial comments operates as a procedural bar from his raising the issue for the first time on appeal.

II. WHETHER THE TRIAL COURT ERRED IN ADMITTING THE VIDEOTAPE OF THE DRUG SALE BECAUSE IT WAS NOT PROPERLY AUTHENTICATED AND WAS NOT THE ORIGINAL TAPE AND THUS A VIOLATION OF THE BEST EVIDENCE RULE.
¶ 8. Trull's second assignment of error alleges that the video tape of the alleged drug transfer admitted at trial was not properly authenticated. Further, Trull maintains that the best evidence rule was violated because an alleged copy of the original tape was produced in lieu of the original. Rule 901(b)(1) of the Mississippi Rules of Evidence provides that authentication can be accomplished by testimony from someone familiar with and with knowledge of the contents of the document or recording. Agent Jobe testified that he set up the video equipment, was present when the events on the videotape transpired, and that the video was an accurate depiction of the events as they transpired that day. As Jobe was familiar with the scene and testified sufficiently to the accuracy of the recording, the authenticity of the tape was proven and no error occurred. See Wells v. State, 604 So.2d 271, 277 (Miss.1992).
¶ 9. Regarding Trull's best evidence challenge, this too is without merit. Mississippi Rule of Evidence 1003 provides that a duplicate is admissible so long as there is no question raised as to its authenticity or if the admission of the duplicate would be otherwise unfair. Foster, *247 et al. v. Noel, 715 So.2d 174(¶ 44) (Miss.1998). When Trull's counsel objected to the video copy's admission, a question of authenticity was raised. The prosecution responded that the original was in their possession but that other drug transactions were contained on the original; therefore, the copy of only Trull's transaction was made from the original and offered into evidence. The trial court determined that based on Agent Jobe's testimony, the copy was admissible. Questions regarding the admission of evidence is left to the sound discretion of the trial judge. Absent a demonstration of the trial court abuse of that discretion, the appellate court will not reverse. Id.
¶ 10. Based on the testimony of Agent Jobe that the copy of the video tape depicted what occurred on the day in question coupled with the prejudice Trull could have suffered from the admission of the other transactions not related to his case on the original tape, we find that the trial judge correctly admitted the copy of the video tape and Trull suffered no prejudice as a result.

III. WHETHER THE TRIAL COURT ERRED WHEN THE TRIAL JUDGE, AND NOT THE CIRCUIT CLERK, MARKED THE JURY INSTRUCTIONS AS "GIVEN" AND "REFUSED" IN VIOLATION OF STATE STATUTE.
¶ 11. As his final assignment of error, Trull alleges error in the jury instructions being marked "given" and "refused" by the circuit judge instead of the clerk of the court. The Mississippi Code provides:
The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; but at the request of either party he shall instruct the jury upon the principles of law applicable to the case. All instructions asked by either party must be in writing, and all alterations or modifications of instructions given by the court or refused shall be in writing, and those given may be taken out by the jury on its retirement. The clerk, before they are read or given to the jury, shall mark all instructions asked by either party, or given by the court, as being "given" or "refused," as the case may be, and all instructions so marked shall be a part of the record, on appeal, without a bill of exceptions.
Miss.Code Ann. § 99-17-35 (Rev.1994). In Newell v. State, 308 So.2d 71, 78 (Miss. 1975), the supreme court explicitly held that the instruction of a jury on the applicable law in a matter lies with the presiding trial judge. Trull maintains that since the mark of the circuit judge appears on the instructions where the "given"and "refused" notation was made instead of the mark of the clerk of the court as required by the statute, then he suffered prejudicial harm to his case. The attorney general responds that Trull lacks standing to raise this issue and that no fundamental right to which Trull was entitled was violated by the trial judge instead of the clerk of the court marking the instructions. We agree with the attorney general. While the statute does say the clerk of the court shall mark the instructions, nothing in the statute prohibits the circuit judge, as the presiding authority at the trial, to mark the instructions. Further, Rule 3.04 of the Uniform Rules of Circuit and County Court Practice addresses the issue of jury instructions and does not adopt the statutory mandate that the clerk of the court mark the instructions as "given" and "refused." In fact, the rule is silent. Our supreme court has the inherent power to adopt procedural rules governing the trial process, and any statute that conflicts with a rule established by the court is void. *248 State v. Blenden, 748 So.2d 77 (¶ 38) (Miss. 1999). Since the statute cited by Trull is inconsistent with Rule 3.04, the rule controls, the statute is void, and there is no error.
¶ 12. THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO CARROLL COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION. McMILLIN, C.J., NOT PARTICIPATING.
IRVING, J., dissenting:
¶ 13. An accused's right to remain silent is one of the most fundamental principles of criminal law in our nation undergirded by the Fifth Amendment to the United States Constitution. Because I think the State, albeit subtly or maybe unwittingly, crossed this constitutional divide in its closing argument, I dissent.
¶ 14. During closing argument, the prosecutor said this:
Y'all saw the tape. And it's not important if Mike Spellman or Don Gray or if I did or Mr. Bleck, Charles Ellis or anybody else identified that man on this tape. It is not important who had him picked up. That is not important. What is important is whether or not you look at his face, that man sitting over there, and you look at this video, and you say he dropped something in Ross Kyzer's hand. Ross Kyzer testified this was it. And Al Jobe, an agent, sworn deputy of this county, a member of North Central Narcotics Task Force. They came in and said that is what he gave us. That is unimpeached, ladies and gentlemen. That is completely unimpeached. Is that the man the man that you saw in this video? If you nod your head yes to that, when you go in that room and you find the young lady who testified from the lab that said this is cocaine, it is your sworn duty to find that man guilty of sale of cocaine.
(emphasis added). Whether the prosecutor's closing argument is a comment upon Trull's failure to testify is dependent upon both the context in which it was given and the availability of witnesses beside Trull who could have been called during the trial to rebut the point made by the State in closing argument. Clearly, the context indicates that the prosecutor was alluding to the then untested substance given to the undercover agent by Trull. That this is so is made amply clear by the prosecutor's later comment, "you find the young lady who testified from the lab that said this is cocaine."
¶ 15. The prosecutor's reference to the untested substance, which at the time of transfer was known only to Trull, would not be improper if it were made in response to an argument by Trull. The State argues that it was so made in that context. I have reviewed the closing argument of defense counsel and do not find that she ever intimated that Trull did not drop something in the officer's hand. She did argue that that something was not tested for prints and that the portion of the contraband admitted into evidence had *249 not been tested. This was apparently in reference to the testimony given by the State's expert who tested the cocaine that the portion actually admitted into evidence had not been tested but that she had tested a representative sample of it.
¶ 16. I have viewed the video, and one cannot tell anything about what is being dropped into the officer's hand by Trull. Because of the size of the two rocks of cocaine, no one could see what Trull was giving the officer. Not even the officer could see it until it was placed in his hand. This was far from the view of anyone else.
¶ 17. Trull relies on Whigham v. State, 611 So.2d 988 (Miss.1992), for the proposition that when the defendant is the only witness who can rebut a piece of evidence, it is improper for the prosecutor in closing argument to argue that the evidence on that point is in fact unimpeached or unrebutted. The majority distinguishes Whigham on the basis that "there was testimony that other individuals, apparent acquaintances of Trull, were present in the area, aside from Jobe and Kyzer, who could have rebutted Jobe's and Kyzer's testimony." Majority opinion at (¶ 7).
¶ 18. The distinction misses the point. It is true that other persons were present in the area of the transaction. There also was testimony that Trull retrieved something from an individual and returned to the car where the transaction occurred, but the fact is, no one other than Trull was in a position to say what he passed to Jobe and Kyzer. The video makes that crystal clear.
¶ 19. I believe the principle enunciated in Whigham has applicability here. It is true, as the majority holds, that Trull failed to lodge a contemporaneous objection to the argument. However, given the fact that it is constitutional and well-settled law that a defendant cannot be compelled to give testimony in a criminal case, I would notice the error as plain error. I believe the right not to testify and have the State not comment on that failure is a substantial right. Therefore, I would not impose the procedural bar.
¶ 20. Also, though not raised or objected to by the defense, the prosecutor made the following statement during closing argument:
When I used to try cases you had to go into a house, took a wire. You couldn't get a video camera in. It took you forever. It is just not like that anymore. It [drugs in the community] is just that widespread.
And I submit to you, ladies and gentlemen, the only people that can do something about it is these twelve people sitting right here. And I want you to point the finger at Mr. Trull when you walk out of here and say Mr. Trull, we are not going to put up with it. Not you or anybody like you is going to come down here and have your way with this county. And I submit to you, ladies and gentlemen, that the only reasonable verdict is guilty as charged. Thank you.
¶ 21. I believe the prosecutor's comment was the equivalent of the "send a message" argument which the Mississippi Supreme Court condemned in Payton v. State, 785 So.2d 267 (Miss.1999) and held to be reversible error. Id at (¶ 1). In Payton, this was the "send a message" argument: "Send a message to these older, more mature, criminals, `We are not going to let you ruin young people's lives like you have ruined these three people's lives, and all these lives you endangered in the process.'" Id. at (¶ 9).
*250 ¶ 22. Here, as in Payton, no objection was made to the argument. However, the Payton court noted that "`if the argument is so `inflammatory' that the trial judge should have objected on his own motion the point may be considered.'" Id. at (¶ 10) (citation omitted).
¶ 23. I believe the two separate comments made by the prosecutor during closing argument combined to deny Trull a fair trial. I would notice them both as plain error and not apply the procedural bar because they both implicate a fundamental constitutional right to a fair trial. Accordingly, I dissent.