# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-KM-01222-SCT

*CHRISTOPHER MURRAY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/24/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SORIE S. TARAWALLY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 03/04/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., CARLSON AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Christopher Murray was convicted and sentenced in the Justice Court of Copiah County for driving under the influence, first offense, and switched tag.  More than 30 days later, Murray filed a notice of appeal to the Circuit Court of Copiah County.  After a hearing, the circuit court dismissed Murray's appeal as untimely.  Hence, Murray appeals to this Court and raises the following issue on appeal:

> I.  WHETHER MURRAY'S APPEAL WAS PROPERLY DISMISSED AS UNTIMELY.

## FACTS

¶2.     On March 14, 2002, Christopher Murray was convicted and sentenced in the Justice Court of

Copiah County for D.U.I. first offense, and switched tag. Murray registered a .121 reading for alcohol content in his blood based upon intoxilizer results. On April 23, 2002, Murray filed a notice of appeal with the Circuit Court of Copiah County. The prosecution filed a motion to dismiss that appeal as untimely. Murray filed a response to that motion which stated that he believed himself to have forty days, as stated by statute, Miss. Code Ann. § 99-35-1 (Rev. 2000), as opposed to thirty days as stated in Rule 12.02A of the Uniform Rules of Circuit and County Court Practice (URCCC).

¶3.     After a hearing, the circuit court dismissed Murray's appeal as untimely. From that dismissal, Murray appeals to this Court.

## DISCUSSION

¶4.     Murray asserts that the circuit court erred in dismissing his appeal. Murray argues that his appeal was timely. Miss. Code Ann. § 99-35-1 (Rev. 2000) allows a person adjudged guilty of a criminal offense by a justice court to appeal to circuit court within forty days of such judgment of conviction.

¶5.     However, under URCCC 12.02A, which is applicable to the case at bar, Murray had thirty days to file a notice of appeal in the circuit court having jurisdiction.

¶6.     Miss. Code Ann. § 99-35-1 (Rev. 2000) provides in pertinent part:

> In all cases of conviction of a criminal offense against the laws of the state by the judgment of a justice court, or by a municipal court, for a violation of an ordinance thereof, an appeal may be taken within forty (40) days from the date of such judgment of conviction . . .

¶7.     URCCC 12.02A (adopted effective May 1, 1995) states in pertinent part:

> Any person adjudged guilty of a criminal offense by a justice or municipal court may appeal to the county court or, if there is no county court having jurisdiction, then to circuit court by filing simultaneously a written notice of appeal and cost bond within 30 days of such judgment with the clerk of the circuit court having jurisdiction.

¶8.     The issue presented before this Court is whether Section § 99-35-1 should take precedence over

URCCC 12.02A.

¶9. This Court has held where there is conflict between a statute and a procedural rule created by the Supreme Court, the rule controls and the statute is void and of no effect. *State v. Blenden*, 748 So. 2d 77, 88 (Miss. 1999); see also *Strickland v. State*, 784 So.2d 957, 961 (Miss. 2001) (plurality). Additionally, in *Trull v. State*, 811 So.2d 243, 247 (Miss. Ct. App. 2000), the Court of Appeals correctly observed:

> Our supreme court has the inherent power to adopt procedural rules governing the trial process, and any statute that conflicts with a rule established by the court is void, *State v. Blenden*, 748 So.2d 77 (¶ 38) (Miss. 1999). Since the statute cited by Trull is inconsistent with Rule 3.04, the rule controls, the statute is void, and there is no error.

¶10. Murray relies on *Sanchez v. City of Picayune*, 656 So. 2d 92, 94 (Miss. 1995), where this Court held that the time to file an appeal is forty days. The Court in *Sanchez* cited § 99-35-1 and Rule 7.03 of the then - existent Uniform Criminal Rules of Circuit Practice as authority. However, the problem with relying on Rule 7.03 in *Sanchez* is that those rules are no longer applicable. The Uniform Criminal Rules of Circuit Practice were superseded by the Uniform Rules of Circuit and County Court Practice, adopted and effective May 1, 1995. These rules adopted a new deadline for filing an appeal, which is thirty days after judgment. URCCC 12.02A.

¶11. Although this Court has no choice but to hold that Murray's filing is untimely, it is troubling that such an unfortunate result must obtain.

## CONCLUSION

¶12. Pursuant to Rule 12.02A of the Uniform Rules of Circuit and County Court Practice, the circuit court did not err in dismissing Murray's appeal as untimely. We affirm the judgment of the circuit court.

¶13. **AFFIRMED.**

**PITTMAN, C.J., SMITH AND WALLER, P.JJ., COBB, EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**