869 So.2d 429 (2004)
Henry SEALS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01195-COA.
Court of Appeals of Mississippi.
March 30, 2004.
*430 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. On July 15, 2002, Henry Seals was convicted in the Circuit Court of Neshoba County on two counts of selling cocaine. Seals was sentenced to twenty-five years on each count. The sentences were to run concurrently, with five years suspended on each count, leaving twenty years to serve on each count. Seals filed a motion for a new trial which was denied by the trial court. Feeling aggrieved, he appeals and cites the following errors:
I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO LEADING QUESTIONS.
II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO THE INTRODUCTION OF THE VIDEOTAPE COPY OF THE ORIGINAL FILM OF THE ALLEGED SALES OF COCAINE.
¶ 2. Finding no error, we affirm the ruling of the trial court.

FACTS
¶ 3. With the use of a confidential informant, the Tri-County Narcotics Task Force began conducting undercover purchases of illegal drugs on December 5 and 7, 2000. The agents, acting through confidential informant Ross Kyzer, purchased two quantities of cocaine from Seals. The Narcotics Task Force recorded both drug transactions on videotape.
¶ 4. At trial, Kyzer testified that on December 5 and 7, 2000, he purchased rocks of cocaine from Seals in twenty and forty dollar amounts respectively. The State offered into evidence the videotape of the controlled buys and Kyzer identified Seals as the individual who sold him the drugs. Kyzer further testified that the tape correctly and accurately depicted the undercover operations and that the copy of the tape was an exact duplicate of the original tape.
¶ 5. Agent Don Bartlett of the Tri-County Narcotics Task Force testified that the original videotape recording would not be shown to the jury. Instead, an identical VHS copy of the mini-tape would be *431 played because it was easier to start and stop during the viewing. The VHS format would also enable the jury to view the tape without the distortions that are caused by pausing a mini-tape. Bartlett testified that he personally converted the tape from the mini form to VHS.
¶ 6. Agent Barry McWhiter of the Tri-County Narcotics Task Force also testified for the State. Agent McWhiter explained the procedures of an undercover buy and testified that Seals was the individual who sold confidential informant Kyzer the cocaine. Jamie Johnson, a forensic scientist with the Mississippi Crime Lab in Meridian, testified that the two substances the State submitted for testing, were in fact cocaine.

I. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S OBJECTIONS TO LEADING QUESTIONS?
¶ 7. Seals contends the trial court committed error by allowing the prosecutor to ask leading questions. The following is the testimony to which the defense objected:
Q (Thames) If you would, Mr. Kyzer, can you step back here so we can let you look at this also? This will be the transaction that occurred on December the 5th, 2000; is that correct?
A Yes, sir.
REPORTER'S NOTE: Video was shown to the Jury and viewed by the Court, defendant and attorneys. Reporter was unable to hear the question and answer because of the videotape that was being played.
THE COURT: As far as asking questions during the tape, you might want to stop it and then say, What are you doing at that point?
MR. THAMES: Okay.
THE COURT: For clarification. So go ahead and develop that particular
MR. THAMES: Would you back it up?
MR. BARTLETT: Yes.
REPORTER'S NOTE: Video played again.
MR. THAMES: All right. Stop it.
Q (Thames) All right. Can you tell us at this point whenI understood you to say that you had asked for a $20.00 amount of cocaine; is that correct?
A Correct. Yes, sir.
Q And did you tell me that the defendant then left and walked away, assumingly to go get the drugs?
A Yes, sir.
Q Then after he left did you back up to
A Because when I pulled
MR. BROOKS: Object to him leading, Your Honor.
THE COURT: Sustained.
Q After you backed up, did you wait on the defendant?
A Yes, I did. Yes, sir.
Q Is this when the defendant returned?
A Yes, sir.
MR. BROOKS: Object to him leading, Your Honor.
THE COURT: I don't think that is leading at that point. Overruled.
Q Is this picture that is stopped on the television when the defendant has returned?
A Yes, it is.
MR. BROOKS: Object to him leading, Your Honor.
THE COURT: Overruled.
¶ 8. To justify a reversal because of leading questions requires a finding of manifest abuse of discretion and a finding that the question influenced the answer, *432 causing injury. Tanner v. State, 764 So.2d 385, 405 (¶ 58) (Miss.2000) (citing Palmer v. State, 427 So.2d 111, 115 (Miss.1983)). In Clemons v. State, 732 So.2d 883, 889 (¶ 25) (Miss.1999), the supreme court defined a leading question as follows:
A leading question is one that suggests to the witness the specific answer desired by the examining attorney. Trial courts are given great discretion in permitting the use of such questions, and unless there has been a manifest abuse of discretion resulting in injury to the complaining party, we will not reverse the decision. This is because the harm caused is usually inconsiderable and speculative, and only the trial court was able to observe the demeanor of the witness to determine the harm.
¶ 9. "To justify a reversal because of the allowance of a leading question, not only is it necessary that there should have been a manifest abuse of discretion, but it is also necessary that the question shall have influenced the answer and that injury resulted." Palmer v. State, 427 So.2d 111, 115 (Miss.1983).
¶ 10. The effect of leading questions in this case did no harm to the defendant. Seals objected to the State leading its confidential informant, Kyzer, during direct examination. The trial court sustained the first objection. After the State rephrased the question, Seals repeated his objection. However, the trial court overruled Seals' objection and allowed Kyzer to answer the question.
¶ 11. Because the court reporter was unable to hear the State's questions and the witnesses' answers while the videotape was being played, the trial court ordered the State to stop the tape periodically and allow the witness to explain what occurred on the day in question. Considering the examination of Kyzer in its entirety, the purpose and effect of the leading questions were to describe what was clearly being shown on the videotape. Kyzer was the confidential informant on the tape and he possessed firsthand knowledge of the events that transpired. The leading questions did not result in any injury to Seals' defense and the trial court did not abuse its discretion in allowing the State to ask the leading questions. This assignment is without merit.

II. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S OBJECTION TO THE INTRODUCTION OF THE VIDEOTAPE COPY OF THE ORIGINAL FILM OF THE ALLEGED SALES OF COCAINE?
¶ 12. Seals argues that the copy of the videotape was not properly authenticated. Seals also maintains that the best evidence rule was violated because a copy of the tape was produced in lieu of the original. During the examination of Kyzer, the State offered into evidence a duplicate VHS copy of the drug transactions. Seals objected to the admission of the VHS videotape on the ground that it had not been properly authenticated. The following testimony transpired between the prosecutor and the witness:
Q Have you reviewed a tape of this transaction-videotape of this transaction?
A Yes, sir.
Q And did it accurately and correctly depict or show the transaction that had took place on that date, December the 5th?
A Yes, sir. To every detail.
Q And you have reviewed that tape?
A Yes, sir.
MR. THAMES: Your Honor, I would like to ask permission that the tape be played of this transaction. And that *433 Don Bartlett come forward and assist me by showing this to the jury?
THE COURT: Mr. Brooks and Mr. Collins, any objection at this point?
MR. BROOKS: No objection to Mr. Bartlett, Your Honor. We would object to the admission of this tape at this particular point, because there has been no evidence or proper predicate laid to show whether this is the very tape that was in the automobile at the time the witness has testified to. He did testify he didn't have anything to do with the installation or removal of the tape. And so, there would be a question of whether this is the same tape that was in the vehicle at the time he says that this alleged sale occurred.
THE COURT: It may be very simple to connect that up. Mr. Thames, do you understand the objection now?
MR. THAMES: Your Honor, basically, I had asked him the question has he reviewed the tape that was in the machine. And he has indicated and by his testimony that it has. And his is the tape that is before us. And I would ask him if it is correctly and accurately depicting or showing the sale that took place. And he says, yes, it does to the very detail. So, I would submit that it is leading up to it is credible and that he is allowed to testify to that fact. And that it should be allowed to be shown.
THE COURT: Rule 901 is the rule which is pertinent in this matter, which has to do with authentication. And the Court has heard testimony which is to the effect that the witness has so stated that the tape that is sought to be introduced is the one that was gottenwas placed in his hands as far as a part of the totality of the circumstances between the three officers and himself. He has adopted it. And so, the Court feels a proper predicate has been laid and the objection is overruled. Any further objections, Mr. Brooks?
MR. BROOKS: No, Your Honor.
¶ 13. "Under this Court's standard of review, the admissibility of evidence rests within the discretion of the trial judge. Unless his judicial discretion is abused, this Court will not reverse his ruling. The same standards used in determining the admissibility of photographs are applicable to the admission of videotapes." Davis v. State, 767 So.2d 986, 996 (¶ 24) (Miss.2000). The tape was admitted pursuant to Rule 901(b)(1) of the Mississippi Rules of Evidence which provides that authentication can be accomplished by testimony from someone familiar with and with knowledge of the contents of the document or recording. M.R.E. 901. The State satisfied this rule when it offered the testimony of Kyzer. Kyzer testified that the VHS copy accurately and correctly depicted the transaction as it occurred on the day in question. Kyzer was familiar with the particulars of the drug transaction and testified sufficiently to the accuracy of the recording. See Wells v. State, 604 So.2d 271, 277 (Miss.1992). The Court finds that the tape was properly authenticated and the trial judge did not abuse his discretion in admitting the tape into evidence.
¶ 14. Seals also maintains that the best evidence rule was violated because a copy of the tape was produced in lieu of the original. Mississippi Rule of Evidence 1003 provides that a duplicate is admissible as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original. M.R.E 1003. Seals objected to the admission of the VHS videotape *434 in lieu of the original mini-tape. In overruling Seals' objection the court stated:
The Court has viewed both of the tapes [the original and the copy] in the entirety of what they purport to show as far as Counts 1 and 2 are involved. The Court has heard witness Bartlett's explanation as far as the reason that he has converted the cassette tapes to the one video. Particularly his reason about the equipment and particularly him saying that to slow down the tape or to stop it at a particular critical juncture would make it not visible and not clear. The Court deems that as a very logical and plausible reason. And not only that it appears to be more as far as the jury not being confused and as far as the defendant not wanting to be misidentified that [sic] is a good reason for the evidence to have produced as it has been. So, the Court based on the rulings it has already made as far as authentication and then now the matter of technical problems that may or may not be involved, the Court is satisfied that there is no prejudice. That the evidence is coming in clearly. And that the best evidence rule is also satisfied. So the objection is overruled.
¶ 15. A copy of a videotape depicting an alleged drug transfer does not violate the best evidence rule, if the undercover agent testifies that the videotape is an accurate depiction of events. Trull v. State, 811 So.2d 243, 247 (¶¶ 9 10) (Miss. Ct.App.2000)
¶ 16. The trial court viewed the original videotape and the duplicate VHS tape before admitting the duplicate into evidence. The trial court found no undue prejudice would befall Seals by admitting the copy of the VHS tape in lieu of the original. Questions regarding the admission of evidence is left to the sound discretion of the trial judge. The State offered a logical reason for presenting a duplicate VHS copy of the videotape. Seals' argument is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF TWO COUNTS OF THE SALE OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS ON EACH COUNT AS A SECOND OFFENDER WITH FIVE YEARS SUSPENDED ON EACH COUNT AND TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ON EACH COUNT, SENTENCES TO RUN CONCURRENTLY, AND FIVE YEARS OF POST RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.