918 So.2d 882 (2006)
Michael GRIFFIN a/k/a Glover, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00567-COA.
Court of Appeals of Mississippi.
January 3, 2006.
*883 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
*884 IRVING, J., for the Court.
¶ 1. A Neshoba County jury convicted Michael Griffin of the sale of less than one ounce of marihuana. He was sentenced to three years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Griffin challenges his conviction on the following grounds: (1) the trial court erred in overruling his objection to the introduction of a videotape copy of the original film of the alleged sale of marihuana, (2) there was a fatal variance between the indictment and the proof, and (3) his indictment was insufficient because it failed to identify the purchaser of the marihuana.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. In January 2003, the Tri-County Narcotics Task Force began conducting undercover purchases of illegal drugs in Neshoba County. Narcotics agents, acting through confidential informant, Memory Hunter, purchased marihuana from a local drug dealer. The agents listened to the drug transaction via a body wire planted on Hunter. A small camera, concealed in Hunter's purse, was utilized to record the transaction on videotape.
¶ 4. At trial, Hunter testified that she drove to a known drug house, where she encountered a man she had known simply as "Michael." Hunter told Michael that she wanted to purchase twenty dollars worth of marihuana. According to Hunter, Michael wrapped the marihuana in a paper towel and gave it to her; she gave him a twenty dollar bill in exchange. The State offered into evidence the videotape of the undercover purchase, and Hunter identified Griffin as the individual who sold her the marihuana. Hunter further testified that she had had an opportunity to review the tape and that it accurately and clearly depicted the transaction that transpired between her and Griffin on the day of the drug purchase.
¶ 5. At trial, Agents Patrick Ervin and Donald Bartlett of the Tri-County Narcotics Task Force explained the procedures of an undercover buy. The agents testified about how, during the pre-buy meeting, they searched Hunter and her vehicle, outfitted her with surveillance equipment, and gave her money for the purchase. The agents further testified that at the post-buy meeting, Hunter informed them that she had made a purchase from Griffin before she subsequently turned over the package of marihuana.
¶ 6. Alicia Waldrop, a forensic chemist at the Tupelo Crime Lab, testified that the substance that the task force submitted for testing was 2.4 grams of marihuana.
¶ 7. Additional facts as appropriate will be given during the discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Admission of the Videotape
¶ 8. Griffin argues that the trial court erred in admitting a duplicate VHS copy of the drug transaction without proper authentication. Griffin maintains that the best evidence rule was violated because a copy of the tape was produced in lieu of the original.
¶ 9. "Under this Court's standard of review, the admissibility of evidence rests within the discretion of the trial judge. Unless his judicial discretion is abused, this Court will not reverse his ruling. The same standards used in determining the admissibility of photographs are applicable to the admission of videotapes." Seals v. State, 869 So.2d 429, 433(¶ 13) (Miss.Ct.App.2004) (quoting Davis v. State, 767 So.2d 986, 996(¶ 24) (Miss.2000)). Moreover, *885 Mississippi Rule of Evidence 901(b)(1) provides that authentication can be accomplished by testimony of a witness with knowledge that a matter is what it is claimed to be.
¶ 10. We find that the State satisfied the requirements for proper authentication through the testimony of Hunter. Hunter testified that the VHS copy accurately and correctly depicted the transaction as it occurred on the day in question. Hunter was familiar with the particulars of the drug transaction, and she testified sufficiently to the accuracy of the recording. See Wells v. State, 604 So.2d 271, 277 (Miss.1992). Therefore, we find that the tape was properly authenticated, and the trial judge did not abuse his discretion in admitting the tape into evidence. Griffin's argument is without merit.
¶ 11. In addressing Griffin's argument that the best evidence rule was violated, we note that Mississippi Rule of Evidence 1003 provides that "a duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." In overruling Griffin's objection to the admission of the VHS tape, the court stated:
Certainly, I fail to see any surprise to you. This is the second trial of this case.... Of course, I know that you knew that there was a tape. I will recess the hearing and give you an opportunity to view the tape.... I saw this tape in its entirety during the trial of the case last year, at which time there were matters on that tape that showed another crime. I would think the reason we have a different tape now is that the tape is edited.
¶ 12. The trial court viewed both the original and duplicate videotapes before admitting the duplicate into evidence. The record clearly reflects that the original tape contained other transactions; therefore, a copy of only Griffin's transaction was made from the original and offered into evidence. As previously stated in this opinion, the duplicate VHS tape was properly authenticated by Hunter's testimony, and the State gave a logical reason for presenting the duplicate. Griffin had prior knowledge of the existence of the tape, and the proceedings were recessed to allow him to view the duplicate. Under these facts, we find that the trial judge properly admitted the duplicate, as admission of the duplicate was not unfair to Griffin under the circumstances. This argument is without merit.

(2) Fatal Variance between the Indictment and the Proof
¶ 13. Griffin argues that there was a fatal variance between his indictment and the proof at trial because there was no testimony identifying the person named in the indictment as the purchaser [confidential informant # CI-294-02] and the person proven at trial to be the purchaser [Memory Hunter] as the same person. According to Griffin, this failure on the part of the State made the indictment defective because the identity of the purchaser is an essential element of proving an illegal drug transaction.
¶ 14. A review of the record reveals a lack of support for Griffin's contention. Agents Ervin and Bartlett testified that Hunter worked as a confidential informant for the Tri-County Narcotics Task Force. Both agents further testified that Hunter met them on the day in question so that she could make a controlled buy from a local drug dealer. Both agents also testified about how they listened to the drug transaction via the body wire planted on Hunter. Hunter testified that she purchased the marihuana from Griffin. Moreover, *886 the State presented a videotape showing Hunter purchasing the marihuana from Griffin. Furthermore, there was testimony that Hunter told the agents that she purchased the marihuana from Griffin. In short, there is overwhelming evidence that Hunter was the person who purchased the marihuana from Griffin; therefore, it stands to reason that Hunter was confidential informant # CI-294-02. Accordingly, we find no merit in this argument.

(3) Defect in Griffin's Indictment
¶ 15. Griffin next argues that his indictment was insufficient because it failed to identify with specificity the person to whom he was alleged to have sold marihuana. Griffin's indictment provides:
THE GRAND JURORS of the State of Mississippi, taken from the body of good and lawful persons of the County of Neshoba, duly elected, empaneled, sworn, and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That MICHAEL GRIFFIN a/k/a "GLOVER" late of the County aforesaid, on or about the 7th day of January, in the year of our Lord, 2003, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully, feloniously, and knowingly sell and deliver to Confidential Informant # CI-294-02 for the sum of $20.00, a Schedule I controlled substance, namely marijuana, in an amount of less than one ounce, in Neshoba County, Mississippi, contrary to and in violation of Section 41-29-139(b)(3), Miss.Code Ann. (1972), against the peace and dignity of the State of Mississippi.
¶ 16. Griffin argues that this indictment does not comply with the first sentence of Uniform Circuit and County Court Rule 7.06 which states, "The indictment upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." In support of his contention, Griffin cites Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951) for the proposition that every essential element of a crime must be alleged in the indictment.
¶ 17. Griffin maintains that the defect in his indictment requires reversal. The State counters that this issue is procedurally barred because it is raised for the first time on appeal. It is well settled under Mississippi law that "[d]efects on the face of an indictment must be presented by way of a demurrer." Gray v. State, 728 So.2d 36, 70 (¶ 169) (Miss.1998) (citing Brandau v. State, 662 So.2d 1051, 1054 (Miss.1995); MISS.CODE ANN. § 99-7-21 (Rev.2000)). "When `the formal defect is curable by amendment ... the failure to demur to the indictment in accordance with our statute' will waive the issue from consideration on appeal." Id. (quoting Brandau, 662 So.2d at 1055). A thorough review of the record reveals that Griffin did not object to the contents of the indictment at the trial level, and thus is barred from raising this issue on appeal. Accordingly, we find this issue is procedurally barred.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF SALE OF LESS THAN ONE OUNCE OF MARIHUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,500, *887 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.